IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANITA MAKO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANASTASIA CARE SERVICES, LLC | : | |
| and BABATUNMISHE OKE | : | NO. 19-410 |

**MEMORANDUM AND ORDER**

ELIZABETH T. HEY, U.S.M.J.                                             February 26, 2020

The parties to in this action have filed a joint motion for approval of the portion of the parties' settlement agreement addressing Plaintiff's Fair Labor Standards Act ("FLSA") claim and related state-law wage claims. Doc. 24. For the reasons that follow, I will approve the settlement.

**I.     FACTUAL BACKGROUND**

Plaintiff brought this action alleging, among other claims, that Defendants violated the FLSA and the corresponding state laws (jointly referred to as Plaintiff's FLSA claims) by failing to pay Plaintiff all the wages due to her and failing to compensate her for overtime hours. Doc. 1. While admitting that Defendants were employers and had an agreement to compensate Plaintiff for her work, Defendants denied Plaintiff's allegations of violations of the relevant wage laws. Doc. 8 ¶¶ 68-86.

After completing all discovery and preparing for trial, at the final pretrial conference, the parties reached an agreement to resolve all of Plaintiff's claims, including the wage-related claims, and now seek the court's approval of the portion of the agreement dedicated to Plaintiff's FLSA claims.

## II. FLSA SETTLEMENT

The purpose of the FLSA is "to protect certain groups . . . from substandard wages and excessive hours which endanger the national health and wellbeing and the free flow of goods in interstate commerce." Adams v. Bayview Asset Mgmt., LLC, 11 F. Supp.2d 474, 476 (E.D. Pa. 2014) (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945)). Due to the public interest in FLSA rights, there are only two ways that FLSA claims can be settled or compromised by employees: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c), or (2) a compromise approved by the district court pursuant to 29 U.S.C. § 216(b). Kraus v. PA Fit II, LLC, 155 F. Supp.3d 516, 522 (E.D. Pa. 2016) (citing Adams, 11 F. Supp.2d at 476).

When the court is asked to approve an FLSA settlement, it must "scrutinize[e] the settlement for fairness," Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1235 (M.D. Fla. 2010) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)), and "determine that it resolves a bona fide dispute." Bredbenner v. Liberty Travel, Inc., Civ. No. 09-905, 2011 WL 1344745, at *18 (D.N.J. April 8, 2011) (quoting Lynn's Food, 679 F.2d at 1354).

"A proposed settlement resolves a bona fide dispute where its terms 'reflect a reasonable compromise over issues, such as . . . back wages, that are actually in dispute." Kraus, 155 F. Supp.3d at 523 (quoting Lynn's Food, 679 F.2d at 1355). There is no question that this case involves a bona fide dispute regarding alleged unpaid overtime and

minimum wages, Doc. 1 ¶¶ 69-86; Doc. 24 at 4-5,[1] which "hinge[s] on a finding that Defendants made illegal deductions to [Plaintiff's] pay." Doc. 24 at 6. Disagreements over "hours worked or compensation due" clearly establish a bona fide dispute. Bredbenner, 2011 WL 1344745, at *18) (quoting Hohnke v. United States, 69 Fed. Cl. 170, 175 (Fed. Cl. 2005)).

The court's focus must then turn to the fairness of the settlement. In evaluating an FLSA compromise, the court scrutinizes the agreement in two steps.

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates the implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

Lovett v. Connect America.com, Civ. No. 14-2596, 2015 WL 5334261, at *3 (E.D. Pa. Sept. 14, 2015) (quoting Brumley v. Camin Cargo Control, Inc., Civ. No. 08-1798, 2012 WL 1019337, at *4 (D.N.J. March 26, 2012)).

    1.    <u>Fairness – Internal Factors</u>

The factors the court should consider in evaluating the fairness of a settlement in an FLSA case are those used in class action settlements. See Brumley, 2012 WL 10119337, at *4-5 (utilizing factors from Girsh v. Jepson, 521 F.2d 153, 157-58 (3d Cir. 1975)); In re Chickie's & Pete's Wage & Hour Litig., Civ. No. 12-6820, 2014 WL

---

[1] All pinpoint page citations to court-filed documents will be to the court's ECF pagination.

911718, at *2-3 (E.D. Pa. Mar. 7, 2014) (same); Brown v. TrueBlue, Inc., Civ. No. 10-514, 2013 WL 5408575, at *1-2 (M.D. Pa. Sept. 25, 2013) (same); Bredbenner, 2011 WL 1344745, at *11 (same). Thus, the court should consider

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) stage of the proceedings and the amount of discovery completed; (4) risks of establishing liability; (5) risks of establishing damages; (6) risks of maintaining the class action through trial; (7) ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

Brumley, 2012 WL 1019337, at *4-5 (quoting Girsh, 521 F.2d at 157).

Here, the parties reached an agreement after discovery and pretrial preparation were completed, after arm's-length negotiations that I oversaw. Plaintiff estimates that had she completely succeeded on her FLSA claims, she would have been entitled to just under $7,000, but recognized that her claims "hinged on a finding that Defendants made illegal deductions to her pay" and a finding that she was an employee for the month of July 2018, both of which Defendants dispute. Doc. 24 at 6-7. In light of the risks to both sides, the settlement of the FLSA claims for $5,000 is reasonable.

2. Fairness – External Factors

Finally, in considering the fairness of the compromise, the court must consider whether the agreement frustrates implementation of the FLSA. The underlying goal of the FLSA is to "protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 239

(1981); see also 29 U.S.C. § 202(a). The purpose of examining the fairness of the compromise is to "ensure[] that the parties are not 'negotiating around the clear FLSA requirements' via settlement." Bredbenner, 2011 WL 1344745, at *18 (quoting Collins v. Sanderson Farms, Inc., 568 F. Supp.2d 714, 720 (E.D. La. 2008)). Courts have found that confidentiality provisions in FLSA settlement agreements undermine the goal of the FLSA by permitting retaliation through enforcement of the confidentiality provision. Brumley, 2012 WL 1019337, at *7.

Here, the settlement agreement does nothing to frustrate implementation of the FLSA. The agreement contains no confidentiality provision and the settlement is not sealed. The proposed agreement and the motion to approve the agreement are part of the public record having been publicly filed in this court.

## III.  CONCLUSION

I conclude that the settlement is a fair and reasonable resolution of the wage claims asserted by Plaintiff, and the settlement agreement does not undermine the purpose of the FLSA. Therefore, I will approve the settlement of Plaintiff's FLSA claims.

An appropriate Order follows.